Filed 1/11/21  In re C.V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>C.V.,<br><br>    Defendant and Appellant. | F080930<br><br>(Super. Ct. No. 19CEJ600310-1V)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Mary Dolas, Judge.

Sangeeta Sinha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for C.V., a juvenile ward of the court under Welfare & Institutions Code, section 602, asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) C.V. was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from C.V. Finding no arguable error that would result in a disposition more favorable to C.V., we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On July 23, 2019, appellant-minor C.V. was made a ward of the court pursuant to Welfare and Institutions Code section 602 after committing a misdemeanor violation of Penal Code section 368, subdivision (d)(2) and was placed on probation.

On February 12, 2020, C.V. was admitted to the hospital for a narcotics overdose. Later that day, his mother contacted his probation officer to provide details of the incident. At that time, C.V.'s probation officer learned of a separate incident approximately two weeks prior in which C.V. had also consumed "a large amount" of narcotics at a friend's home and had been taken to the hospital for an overdose. C.V. told his probation officer his substance abuse stemmed from frustration in attempting to obtain surgery to remove excess skin after having lost a significant amount of weight.

On February 13, 2020, the Fresno County Probation Office filed a petition alleging C.V. had violated his probation by (1) failing to refrain from the use of illegal narcotics on January 26, 2020 and February 12, 2020, and (2) submitting a positive drug test for marijuana on January 9, 2020. (Welf. & Inst. Code, § 777.)

On February 14, 2020, a hearing was held before the Honorable Gregory T. Fain. Judge Fain began the hearing by stating, "Good morning, [C.V.]. Good morning to your mom. I'm Judge Fain. Your normal judge isn't here today. So I'm taking care of this. Okay?" Before Judge Fain, C.V. admitted he had violated the terms of his probation by

failing to refrain from the illegal use of narcotics.  Before C.V. admitted the violation, Judge Fain informed him of his rights and of the consequences of his admission.  Judge Fain said in part:

> "The consequences are exactly the same as when Judge Dolas talked to you.
>
> "The maximum period of confinement for the offense you're on probation for is a year.  Okay.  I'm not going to give you a year.  Okay.  But—or Judge Dolas won't.  But you should keep it in mind because you likely at some point will get another chance on probation and you want to do a good job or you will come back in custody for up to that year."

After C.V. officially admitted the violation, Judge Fain ordered C.V. be screened for both the Juvenile Drug Court, an outpatient program, and the Substance Abuse Unit (SAU), a custodial inpatient program.  Judge Fain, who also presided over the Juvenile Drug Court, stated, "This might be somebody I can really work with … outpatient.  As a matter of fact, I already have a positive impression of this young man."

Judge Fain stated the disposition date would be March 2, 2020 and then asked C.V.'s attorney:  "Is [C.V.] willing to enter an *Arbuckle* waiver even though I will be the one screening him and have Judge Dolas do the disposition statutorily, Ms. Dale?"  Ms. Dale, C.V.'s attorney, answered:  "Yes, your honor."  The court's minutes of the hearing, which were kept on Judicial Council Form JV-642, reflect that C.V. entered an "*Arbuckle* waiver."[1]

The Honorable Mary Dolas presided over the dispositional hearing on March 2, 2020.  Citing C.V.'s two hospitalizations, the probation department recommended he be placed in the in-custody SAU.  The probation officer stated,  "I do recognize that it being a first violation of probation, a recommendation to SAU is not the norm."  The prosecutor concurred in the probation department's recommendation and also noted the non-standard

---

[1] *People v. Arbuckle* (1978) 22 Cal.3d 749.

nature of the recommendation: "The People are also aware that with a first violation that the SAU might be considered a little unusual."

In arguing for a commitment to the outpatient Juvenile Drug Court, C.V.'s attorney pointed out C.V.'s strong relationship with his probation officer and informed the court C.V.'s mother was able to provide C.V. with therapy and family support on an outpatient basis. C.V. addressed the court and requested he be allowed to participate in Juvenile Drug Court. He told the court he had "been in a pool of self-hatred" for the past year and suppressed his pain "by taking substances," and acknowledged the "unbearable pain" he had brought on his loved ones.

The court continued C.V.'s status as a ward of the court, placed him in the temporary custody of his probation officer, and committed him to the in-custody SAU.

On March 9, 2020, C.V. filed a notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel, no evidence of error arising under *People v. Arbuckle, supra,* 22 Cal.3d 749, nor any other arguable error that would result in a disposition more favorable to C.V.

## DISPOSITION

The order committing C.V. to the Substance Abuse Unit is affirmed.